UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA TEASLEY AND PATSY MCFALLS,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOYOTA MOTOR CORPORATION, *et. al*,<br><br>    Defendants. | CIVIL ACTION NO.<br>4:22-cv-00049-JPB |

## ORDER

Before the Court is Defendant STMicroelectronics, Inc.'s ("ST Inc.") Motion to Dismiss ("Motion"). ECF No. 31. The Court finds as follows:

**I.  BACKGROUND**

Plaintiffs Barbara Teasley and Patsy McFalls ("Plaintiffs") filed suit against numerous defendants, including ST Inc., in connection with an automobile accident. The Complaint alleges that on July 3, 2015, Plaintiff McFalls purchased a 2015 Toyota Avalon vehicle (the "Vehicle") from a Toyota dealership in Dalton, Georgia. On February 24, 2020, Plaintiffs were involved in a crash, during which the Vehicle's "airbags and seatbelt pretensioners failed to activate or function." Plaintiffs allege that this failure to activate was due to a malfunction in the Airbag

Control Unit ("ACU"). They further assert that they sustained serious injuries as a result of the crash.

According to the Complaint, some of the defendants (referred to as "the ZF TRW Defendants") manufacture ACUs that control the deployment of airbags and tightening of seatbelts, and ST Inc. manufactures the "DS84 ASIC," which is described as "'the brain' of the ZF TRW ACUs . . . at issue in this matter." Plaintiffs assert that the DS84 ASIC fails to trigger airbags and tighten seatbelts in a crash if a phenomenon referred to "EOS" (electrical overstress) occurs. Plaintiffs also generally allege that all defendants in this litigation, including ST Inc., "have known the defective ZF TRW ACUs with the DS84 ASIC were vulnerable to EOS for several years" and "conspired to conceal this defect."

Regarding personal jurisdiction, the Complaint alleges that ST Inc. is a Delaware corporation with its principal place of business in Michigan. Plaintiffs also assert that ST Inc. is part of "a multi-national group of companies that manufacture[s] and sell[s] semi-conductors and electronic chips" and that ST Inc. manufactured "the DS84 ASIC component contained in the ACU at issue in this litigation."

On July 8, 2022, ST Inc. filed the instant Motion arguing that this Court lacks personal jurisdiction over ST Inc. and, in the alternative, that Plaintiffs have

failed to state a claim upon which relief may be granted. Plaintiffs did not respond to the Motion.

## II.  **DISCUSSION**

A motion to dismiss for lack of personal jurisdiction is analyzed according to a "three-step burden-shifting process." *Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 848 (11th Cir. 2020).

> First, the plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Second, if the complaint alleged sufficient facts, and "the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Third, "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff."

*Id*. (alteration in original) (first quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); then quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)).

Thus, the court will look beyond the plaintiff's complaint "*only if* (1) the complaint alleged sufficient facts to make out a prima facie case of personal jurisdiction, and (2) the defendant challenges jurisdiction by submitting affidavit evidence in support of its position." *Id*. at 849 (emphasis added) (quoting *Mazer*, 556 F.3d at 1274). If the plaintiff does not meet the initial burden to allege

3

sufficient facts to make out a prima facie case of personal jurisdiction, "the district court [does not] go to the second and third steps of the burden-shifting process, and the [defendant's] motion should be granted." *Id.*

To determine whether a plaintiff has met the initial burden to demonstrate that personal jurisdiction exists, courts employ a "two-step inquiry." *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.,* 358 F.3d 1312, 1319 (11th Cir. 2004). First, the court "determine[s] whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." *Id.* Second, if the forum state's long-arm statute allows for personal jurisdiction, the court then "examine[s] whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment." *Id.* The Court addresses each step in turn.

A.   **Georgia's Long-Arm Statute**

In relevant part, Georgia's long-arm statute allows a court to exercise personal jurisdiction over a nonresident corporation if that corporation:

(1)   Transacts any business within [Georgia];

(2)   Commits a tortious act or omission within [Georgia], except as to a cause of action for defamation of character arising from the act; [or]

(3)   Commits a tortious injury caused by an act or omission outside [Georgia] if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives

4

> substantial revenue from goods used or consumed or services rendered in [Georgia].

O.C.G.A. § 9-10-91.

Under subsection (1) of the statute, a foreign corporation transacts business in Georgia when it has "'purposefully done some act or consummated some transaction'" in Georgia. *See Diamond Crystal Brands*, 593 F.3d at 1264 (quoting *Aero Toy Store, LLC v. Grieves*, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006)). However, "a defendant need not physically enter the state . . . . [A] nonresident's mail, telephone calls, and other 'intangible' acts, though occurring while the defendant is physically outside of Georgia, must be considered." *Id.* at 1264 (quoting *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 620 S.E.2d 352, 355–56 (Ga. 2005)). "Therefore, [the court] examine[s] all of a nonresident's tangible and intangible conduct and ask[s] whether it can fairly be said that the nonresident has transacted any business within Georgia." *Id.* at 1264. Factors courts will consider under this subsection include whether the defendant: has offices, manufacturing plants or distribution facilities in Georgia; has ever registered to do business in the state; has employees, distributors or sales representatives residing or working in Georgia; pays taxes in Georgia; targets Georgia through print, television, radio or Internet advertising; or directly sells its

5

products in Georgia or to distributors located in Georgia. *See Kason Indus., Inc. v. Dent Design Hardware, Ltd.*, 952 F. Supp. 2d 1334, 1345 (N.D. Ga. 2013).

To support jurisdiction under subsection (2) of the statute, "an out-of-state defendant must do certain acts within the [state]." *Gust v. Flint*, 356 S.E.2d 513, 514 (Ga. 1987). Indeed, "[t]he clear language of subsection (2) requires that the nonresident defendant commit a tortious act *in the state of Georgia*." *Thomas v. Strange Eng'g, Inc.*, No. 1:11-cv-074, 2012 WL 993244, at *4 (S.D. Ga. Mar. 22, 2012) (citing O.C.G.A. § 9–10–91(2)). *See also LabMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 844–45 (11th Cir. 2013) (finding that because the defendants "used computers outside of Georgia" to commit the alleged acts, they were not subject to personal jurisdiction in Georgia under subsection (2)); *Anderson v. Deas*, 615 S.E.2d 859, 862 (Ga. Ct. App. 2005) (finding that because the alleged telephone calls causing injury in Georgia were placed outside the state, they could not support jurisdiction under subsection (2)); *SG Design & Mfg. Co. v. Vigor Int'l Ltd.*, No. 1:09-cv-750, 2010 WL 11602013, at *4–5 (N.D. Ga. May 18, 2010) (finding no jurisdiction under subsection (2) where the allegedly infringing products were designed, manufactured and shipped in China, and the sale of the products was negotiated exclusively via mail and email from China).

Under subsection (3) of the statute, the plaintiff must show both an injury in Georgia and one of three additional requirements: that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Georgia]." *Kason*, 952 F. Supp. 2d at 1347; *see also SG Design*, 2010 WL 11602013, at *5–6 (finding no jurisdiction under subsection (3) where the defendant showed that "it has (1) never maintained any corporate location, leasehold, business office, manufacturing facility or sales location in Georgia; (2) not conducted marketing or advertising in Georgia; (3) never been authorized to do business in Georgia; (4) not designated an agent for service of process in Georgia; (5) never maintained any bank accounts or brokerage accounts in Georgia; (6) never owned or controlled any real or personal property in Georgia; and (7) never had any employee transact business in Georgia on its behalf").

Here, Plaintiffs allege only that all named defendants, including ST Inc., "have placed their product in the stream of commerce in this district and have received substantial revenue and profits from the sales and leasing of said vehicles in this district." ECF No. 1 at 13-14. Notably, Plaintiffs do not assert that ST Inc. has any connections to the state of Georgia either generally or specifically regarding the sale of the DS84 ASIC.

As an initial matter, it is improper to lump ST Inc. and all the other defendants together without any attempt to state specific jurisdictional allegations with respect to each defendant.  *See Brazil v. Janssen Research & Dev. LLC*, 249 F. Supp. 3d 1321, 1331–32 (N.D. Ga. 2016) (finding that jurisdictional allegations that lumped together multiple defendants "lack[ed] … specificity that could be used to sustain [the] [p]laintiff's initial burden of showing [the defendant's] minimum contacts with the State of Georgia").

Moreover, the Complaint does not support a "stream of commerce" theory of personal jurisdiction.  "[T]he Supreme Court [has] held that the Due Process Clause permits jurisdiction over a foreign manufacturer [only] if it delivers its products into the stream of commerce *with the expectation* that they will be purchased by consumers in the forum State."  *Quashie v. Olympus Am., Inc.*, 315 F. Supp. 3d 1329, 1338 (N.D. Ga. 2018) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) (emphasis added)).  Because the Complaint does not make those specific allegations, Plaintiffs cannot rely on the "stream of commerce" doctrine to argue for personal jurisdiction over ST Inc.  *See id*. (holding that the plaintiff's bare allegation that the defendant placed its product "into the stream of commerce for use by the public" was insufficient to establish personal jurisdiction).

Plaintiffs have not otherwise alleged or carried their burden to show that other grounds for personal jurisdiction exist under Georgia's long-arm statute.

B.     **Due Process Requirements**

Even if the Complaint alleged sufficient facts to satisfy the requirements of Georgia's long-arm statute, Plaintiffs have not demonstrated that exercising jurisdiction over ST Inc. would be appropriate under a due process analysis.

In determining whether personal jurisdiction comports with due process, courts "recogniz[e] two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *see also Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000) (distinguishing between general and specific jurisdiction).

1.     **General Jurisdiction**

General jurisdiction extends to all claims a plaintiff may bring, but it may be exercised "only when a defendant is 'essentially at home in the [forum] State.'" *Ford Motor Co.*, 141 S. Ct. at 1024 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)).  A defendant corporation is typically "at

home" in its "place of incorporation and principal place of business." *Daimler AG v. Bauman,* 571 U.S. 117, 139 n.19 (2014).[1]

Here, Plaintiffs allege neither that ST Inc. is incorporated in Georgia nor that it maintains its principal place of business in Georgia. To the contrary, Plaintiffs allege that ST Inc. is a foreign corporation with its principal place of business in Michigan. Plaintiffs also do not allege exceptional circumstances that would render ST Inc. at home in Georgia. Indeed, the Complaint does not allege that ST Inc. conducted *any* activity in Georgia. Plaintiffs assert only that ST Inc. sold a component of a unit alleged to have been installed in a vehicle whose safety systems malfunctioned during a crash in Georgia. *Cf. Daimler*, 571 U.S. at 129–33 (describing the frequency and type of business activities in a forum state that may support general jurisdiction). Accordingly, the Complaint fails to allege sufficient facts to support the exercise of general jurisdiction over ST Inc.

### 2. Specific Jurisdiction

Unlike general jurisdiction, specific jurisdiction does not extend to all claims brought by a plaintiff. Rather, it is "'confined to [the] adjudication of issues

---

[1] The *Daimler* court noted that there may be "exceptional" circumstances where a company's operations in the forum state are "so substantial and of such a nature as to render" the company at home in that state, despite not being incorporated or having its principal place of business there. Such an argument is not raised here, nor would it support applying general jurisdiction under these facts.

deriving from, or connected with, the very controversy that establishes jurisdiction.'" *HD Supply Const. Supply, Ltd. v. Mowers*, No. 1:19-CV-02750, 2020 WL 5774786, at *6 (N.D. Ga. Sept. 28, 2020) (quoting *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017)).

To determine whether specific jurisdiction exists, courts examine three factors:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton Malletier, S.A v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted). The plaintiff has the burden to establish the first two factors, after which the burden shifts to the defendant to establish the third, *i.e.*, "make a 'compelling' case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.*

Here, Plaintiffs do not allege facts to satisfy their burden on either of the first two factors of the analysis. First, the Complaint does not allege any contacts between ST Inc. and Georgia. Rather, Plaintiffs allege that ST Inc. "is identified as the manufacturer of the DS84 ASIC component contained in the ACU at issue in this litigation and with which Plaintiff's vehicle was equipped." ECF No. 1 at 12.

11

Plaintiffs do not contend that ST Inc. sold, manufactured, designed or advertised the DS84 ASIC component in Georgia or that it took any other actions by which it may reasonably have expected its product to reach Georgia.  *Cf. Ford Motor Co.*, 141 S. Ct. at 1027 ("[W]hen a corporation has continuously and deliberately exploited [a State's] market, it must reasonably anticipate being haled into [that State's] court[s] to defend actions based on products causing injury there." (alteration in original) (internal quotations omitted)).  That the component was sold to a company or companies (the ZF TRW Defendants), which then incorporated the component into another device that was sold to Toyota, which then sold Plaintiffs a car in Georgia, is not, without more, a contact sufficient to comport with due process.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980) (holding that the state of Oklahoma could not exercise jurisdiction over a New York car dealer solely because a car it sold outside of Oklahoma caught fire and injured a plaintiff in that state).  As such, the Complaint has not established a contact to which specific jurisdiction can attach.

Regarding the second factor, the Complaint does not allege facts showing that ST Inc. purposefully availed itself of the privilege of conducting business in Georgia or the benefit of Georgia's laws.  Plaintiffs' "stream of commerce" argument, apparently resting on ST Inc.'s sale of the DS84 ASIC outside of

Georgia, does not suffice. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987) (stating that "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum [s]tate"). In short, there are no allegations that ST Inc. designed its product for the Georgia market, advertised in Georgia, established channels for providing regular service to Georgia customers, marketed its product through a distributor in Georgia or conducted similar activities. See *id.* (listing examples of conduct that could indicate purposeful availment). Even if ST Inc. had reason to suspect that its products may end up in Georgia, awareness alone is not enough. *Id.* ("Assuming, arguendo, that respondents have established [Defendant's] awareness that some of the valves sold . . . would be incorporated into tire tubes sold in California, respondents have not demonstrated any action by [Defendant] to purposefully avail itself of the California market.").

Based on the foregoing analysis, the Court finds that Plaintiffs have failed to establish a prima facie case of personal jurisdiction over ST Inc.[2] Accordingly, the Court **GRANTS** ST Inc.'s Motion (ECF No. 31). St. Inc. is **DISMISSED** from this matter.

---

[2] In light of this finding, the Court does not reach ST Inc.'s contention that the Complaint fails to state a claim for relief.

**SO ORDERED** this 5th day of December, 2022.

_____
J. P. BOULEE
United States District Judge